No. 2025-110

# United States Court of Appeals for the Federal Circuit

In re: Viasat, Inc.,
*Petitioner*

On Petition for Writ of Mandamus to the
United States District Court for the
Western District of Texas
Case No. 6:21-cv-01231-ADA, Hon. Alan D Albright

## RESPONSE OF RESPONDENTS
## KIOXIA CORPORATION AND KIOXIA AMERICA, INC.

DECEMBER 3, 2024

MICHAEL HAWES
ROBINSON VU
ROGER FULGHUM
BAKER BOTTS L.L.P.
910 Louisiana St
Houston, TX 77002
(713) 229-1234 (telephone)
(713) 229-1522 (facsimile)
michael.hawes@bakerbotts.com
robinson.vu@bakerbotts.com
roger.fulghum@bakerbotts.com

*Counsel for Respondents*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 25-110

**Short Case Caption** In re: Viasat, Inc.

**Filing Party/Entity** Kioxia Corporation, Kioxia America, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/25/2024

Signature: /s/ Michael Hawes

Name: Michael Hawes

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Kioxia Corporation | | Kioxia Holdings Corporation |
| Kioxia American, Inc. | | Kioxia Corporation |
| | | Toshiba Corporation |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable           ☐   Additional pages attached

| | | |
|---|---|---|
| Michael Silliman | | |
| | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)    ☐   No    ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable           ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY OF THE ARGUMENT ............................ 1

II. ARGUMENT ......................................................................................... 2

    A.    Legal Standards ....................................................................... 2

        1.    Writ of Mandamus ...................................................... 2

        2.    Review of Stay Orders ................................................ 3

    B.    Mandamus Is Not the Appropriate Vehicle to Challenge the District Court's *sua sponte* Stay Order ................................................ 4

        1.    There is no "clear and indisputable right" to mandamus when this Court has already determined that mandamus is not available for stays pending IPR when no injunctive relief is sought .............. 4

        2.    Viasat has "other adequate means to attain the relief" requested and has not pursued those options fully ..................................... 7

    C.    The District Court Did Not Clearly Abuse Its Discretion in Staying this Case After Viasat Narrowed its Case to One Dependent Claim that Was Pending Appeal at this Court ............................................... 8

        1.    The record supports the district court's finding that a stay would simplify the case and reduce the burden of litigation ................ 9

        2.    The district court did not abuse its discretion in finding that the benefits of a stay outweigh any prejudice ................................ 11

        3.    Traditional factors support the district court's finding ............ 12

            a.    Kioxia's appeal does seek the reversal of the PTAB decision ........................................................... 14

            b.    Kioxia's appeal is strong ................................. 15

            c.    Claim 16 is the only remaining claim in this case .......... 17

        4.    The district court did not "fail to weigh" the advanced stage of litigation .................................................................. 18

D.     The District Court Did Not Clearly Abuse its Discretion by Staying the Case Pending the Final Resolution of the Appeal ................................ 19

E.     Kioxia Leaves to this Court's Discretion Viasat's Alternative Requested Relief ................................................................................................ 20

III. CONCLUSION ................................................................................. 21

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Affinity Labs of Tex. LLC v. Samsung Elecs. Co., Ltd.*,
No. 14–CV–2717 YGR, 2014 WL 3845684 (N.D. Cal. Aug. 1,
2014) ................................................................................................12

*Arista Networks, Inc. v. Cisco Sys., Inc.*,
908 F.3d 792 (Fed. Cir. 2018) ..........................................................15

*Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc.*,
767 F.3d 1383 (Fed. Cir. 2014) .....................................................9, 10

*Cheney v. U.S. Dist. Ct. for Dist. Of Columbia*,
542 U.S. 367 (2004)............................................................................2

*Cherokee Nation of Okla. v. United States*,
124 F.3d 1413 (Fed. Cir. 1997) ........................................................20

*Corning v. Fast Felt Corp.*,
873 F.3d 896 (Fed. Cir. 2017) .....................................................16, 17

*CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd.*,
No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex.
Feb. 14, 2019) (Bryson, J.) ...........................................................8, 11

*ePlus, Inc. v. Lawson Software, Inc.*,
760 F.3d 1350 (Fed. Cir. 2014) ........................................................10

*Everett Lab'ys, Inc. v. River's Edge Pharms., LLC*,
No. 09-3458 (JLL), 2009 WL 4508584 (D.N.J. Nov. 24, 2009).......................19

*Fed. Trade Comm'n v. Standard Oil Co. of Cal.*,
449 U.S. 232 (1980)............................................................................3

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1330 (Fed. Cir. 2013) ........................................................10

*Gould v. Control Laser Corp.*,
705 F.2d 1340 (Fed. Cir. 1983) .................................................4, 19, 20

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
  485 U.S. 271 (1988)......................................................................3, 4

*In re Chicco USA, Inc.*,
  429 F. App'x 993 (Fed. Cir. 2011) (unpublished)................................6

*In re Corel Software LLC*,
  778 F. App'x 951 (Fed. Cir. 2019) (unpublished)................................6

*In re Ho Keung Tse*,
  552 F. App'x 979 (Fed. Cir. 2014) (unpublished)................................6

*In re Intertape Polymer Corp.*,
  121 F. App'x 386 (Fed. Cir. 2004) (unpublished)................................6

*In re Kudco Ireland Ltd.*,
  358 F. App'x 149 (Fed. Cir. 2009) (unpublished)................................6

*In re Med. Components, Inc.*,
  535 F. App'x 916 (Fed. Cir. 2013) (unpublished).............................6, 8

*In re Micron Tech., Inc.*,
  875 F.3d 1091 (Fed. Cir. 2017) ......................................................2, 3

*In re Roche Molecular Sys., Inc.*,
  516 F.3d 1003 (Fed. Cir. 2008) ..........................................................3

*In re Sacramento Mun. Util. Dist.*,
  395 F. App'x 684 (Fed. Cir. 2010) (unpublished).............................20

*In re Sea Ray Boats, Inc.*,
  695 F. App'x 543 (Fed. Cir. 2017) (unpublished)................................3

*In re Synthes (U.S.A.)*,
  346 F. App'x 583 (Fed. Cir. 2009) (unpublished)................................6

*Kioxia Corp. v. Viasat, Inc.*,
  No. 24-1384 (Fed. Cir. July 2, 2024)...........................................14, 16

*La Buy v. Howes Leather Co., Inc.*,
  352 U.S. 249 (1957)............................................................................2

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)..................................................................................4

*Mohawk Indus., Inc. v. Carpenter*,
558 U.S. 100 (2009)..................................................................................4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)......................................................................................3

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11,
2015) (Bryson, J.) ...............................................................8, 10, 11, 12

*Phillips v. AWH Corp.*,
376 F.3d 1382 (Fed. Cir. 2004), *opinion withdrawn and reh'g en
banc granted* ..........................................................................................6

*Procter & Gamble Co. v. Kraft Foods Glob., Inc.*,
549 F.3d 842 (Fed. Cir. 2008) ...............................................................4

*Sanofi-Aventis v. Apotex Inc.*,
659 F.3d 1171 (Fed. Cir. 2011) .............................................................5

*Slip Track Sys., Inc. v. Metal Lite, Inc.*,
159 F.3d 1337 (Fed. Cir. 1998) .............................................................9

*Sollami Co. v. Kennametal, Inc.*,
285 F. App'x 754 (Fed. Cir. 2008) (unpublished)................................6

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
657 F.3d 1349 (Fed. Cir. 2011) ........................................................3, 19

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
996 F.2d 1236 (Fed. Cir. 1993) ......................................................10, 11

*Tennant Co. v. Oxygenator Water Techs., Inc.*,
No. 2022-2304, 2024 WL 3507694 (Fed. Cir. July 23, 2024) ............15

*Ultratec, Inc. v. CaptionCall, LLC*,
611 F. App'x 720 (Fed. Cir. 2015) (unpublished)..............3, 4, 5, 6, 7

*United States v. Watson*,
603 F.2d 192 (1979)..................................................................................3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014) ......................................................5, 9, 10, 11, 12

*VLSI Tech. LLC v. Intel Corp.*,
53 F.4th 646 (Fed. Cir. 2022) ...............................................................................14

*Woodard v. Sage Prods., Inc.*,
818 F.2d 841 (Fed. Cir. 1987) (en banc) .............................................................12

## STATUTES

28 U.S.C. § 1651(a) ....................................................................................................2

35 U.S.C. § 284 ...........................................................................................................1

## STATEMENT OF RELATED CASES

No other appeal in or from the same proceeding was previously before this or any other appellate court.

This Court's decision may directly affect or be directly affected by:

*Kioxia Corp. v. Viasat, Inc.*, No. 2024-1384 (Fed. Cir.).

# I.  INTRODUCTION AND SUMMARY OF THE ARGUMENT

Viasat seeks to open the door for every patentee with a stayed damages-only case to pursue mandamus relief, despite this Court's clear precedent to the contrary. Viasat filed a complaint seeking only damages, not injunctive relief, and including an analysis of how claim 1 of the sole asserted patent was allegedly infringed. Appx00476-00498 (Ex. 1 (Complaint).  Then the USPTO cancelled claims 1, 4, 8, 15, 17, and 19, as indicated in the current version of the patent.  Dependent claim 16, however, is still subject to appeal before this Court.  After Viasat made the tactical decision to narrow its case to only claim 16, the district court exercised sound discretion and stayed the case pending this Court's review of claim 16.

Viasat, unsurprisingly, does not address how staying its damages-only case can meet the standard for mandamus relief in view of the statute's provision for interest.  *See* 35 U.S.C. § 284. Viasat does not even mention pre-judgment interest.

Viasat's merits position—that notwithstanding the invalidity of numerous now-unasserted claims, the district court had no choice but to proceed immediately to trial on one dependent claim—contradicts established law and Congressional purpose.  A district court has broad discretion to stay litigation, and this Court has repeatedly upheld stays pending USPTO reviews.  This jurisprudence comports with the language and purpose of the AIA.

Viasat posits that because (1) the USPTO found claim 16 not unpatentable

and (2) it is Kioxia (and not Viasat) appealing the decision of USPTO, the district court suddenly lost all discretion to stay the case. That position is nonsensical. If the decision of this Court results in the reversal of the USPTO's validity finding on claim 16, this case is ended and an expensive trial avoided. It was well within the district court's discretion to find that the circumstances weigh in favor of granting a stay.

## II. ARGUMENT

### A.    Legal Standards

#### 1.    Writ of Mandamus

The writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary cases." *Cheney v. U.S. Dist. Ct. for Dist. Of Columbia*, 542 U.S. 367, 369 (2004).[1] Under the statute, 28 U.S.C. § 1651(a), courts are limited to issuing writs only when "necessary or appropriate in aid of their respective jurisdictions[.]" Issuing writs of mandamus is reserved only for "narrow circumstances where doing so is important to 'proper judicial administration.'" *In re Micron Tech., Inc.*, 875 F.3d 1091, 1095 (Fed. Cir. 2017) (quoting *La Buy v. Howes Leather Co., Inc.*, 352 U.S. 249, 259–60 (1957)).

There are three general requirements for mandamus: (1) "that the right to issuance of the writ is clear and indisputable[;]" (2) that "the petitioner must have

---

[1] Hereinafter internal quotation marks and citations omitted unless noted.

no other adequate means to attain the relief desired[;]" and (3) that "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* The party seeking relief bears the burden of proving that these three requirements are met. *See In re Sea Ray Boats, Inc.*, 695 F. App'x 543, 544 (Fed. Cir. 2017) (unpublished). "That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus." *In re Roche Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008) (citing *Fed. Trade Comm'n v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) (expenses and burdens of defending action do not constitute irreparable harm)).

### 2.    Review of Stay Orders

It is well established that stay orders are not ordinarily immediately appealable. *Ultratec, Inc. v. CaptionCall, LLC*, 611 F. App'x 720, 721 (Fed. Cir. 2015) (unpublished) (citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277–78 (1988); *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1354 (Fed. Cir. 2011)). Appeals from an order granting a stay are permitted only if it has the effect of putting the plaintiff "effectively out of court." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983)).

An appeal is also allowed from an order granting a stay if it has the "practical

effect of granting or denying injunctions and ha[s] serious, perhaps irreparable, consequence." *Ultratec*, 611 F. App'x at 721 (quoting *Gulfstream Aerospace*, 485 U.S. at 287–88); *see also Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 846 (Fed. Cir. 2008). Similarly, an appeal may be also allowed under the collateral order doctrine. *Ultratec*, 611 F. App'x at 721. But this is a "small class" of rulings that "insist upon 'important questions separate from the merits' being lost absent an immediate appeal[.]" *Id.* (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009)).

**B.    Mandamus Is Not the Appropriate Vehicle to Challenge the District Court's *sua sponte* Stay Order**

**1.    There is no "clear and indisputable right" to mandamus when this Court has already determined that mandamus is not available for stays pending IPR when no injunctive relief is sought**

This Court should deny Viasat's petition because it has not satisfied its burden to prove that it has a "clear and indisputable" right to mandamus relief over the district court's discretionary stay of the case pending resolution of this Court's review. In its petition, Viasat asks the Court to "instruct the district court to proceed with trial as soon as practicable." Pet. at 4. What Viasat actually seeks, however, is for this Court to use the extraordinary and drastic remedy of mandamus to review the merits of the district court's decision staying this case—a decision that this Court's precedent clearly mandates is discretionary. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983); *Landis v. N. Am. Co.*, 299 U.S. 248,

254–55 (1936).

This Court has already determined that mandamus relief is not appropriate for a district court's discretionary stay where there is no injunctive relief sought. *See Ultratec*, 611 F. App'x at 722–23 ("The district court, however, could reasonably have concluded, in light of the evidence, that the force behind this argument is diminished by . . . the fact that at no time prior to the jury's verdict did Petitioners seek to enjoin Respondents from the market.") (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014)).  Therefore, Viasat's requested relief seeks to open the floodgates for patent owners who seek only damages to respond to a stay by filing petitions for writs of mandamus, contrary to *Ultratec*.  Nor does Viasat even acknowledge that it can seek interest under the statute and appeal if it believes the district court's decision on interest is in error. *See Sanofi-Aventis v. Apotex Inc.*, 659 F.3d 1171, 1179 (Fed. Cir. 2011).

The denial of the same relief in *Ultratec* is fatal to Viasat's attempt to establish that its right to mandamus is "clear and indisputable."  Viasat proposes a brand-new standard, arguing that the relief it seeks is appropriate because it "is not aware of a single other case in which a district court has, without any request from the parties, stayed a case just before trial pending resolution of an appeal from a Board decision upholding the validity of the claim at issue."  Pet. at 3.

But even if Viasat were correct that there is no case like this one, Viasat does

not cite—and Kioxia has also not found—a case which supports the unprecedented relief it seeks. Indeed, the only Federal Circuit authority Viasat cites as supporting its argument that mandamus relief is appropriate here is *Ultratec*. But, as explained above, *Ultratec* supports denying mandamus relief here because (1) Kioxia and Viasat are not now and never have been competitors and (2) Viasat has not sought injunctive relief. Tellingly, this Court in *Ultratec **denied*** mandamus relief even though the parties ***were competitors***. 611 F. App'x at 722–23. Thus, although Viasat is correct that this Court has previously conducted mandamus review of a district court stay order, Viasat cites no authority that mandamus relief is necessary or appropriate here. The district court's authority plainly extends to ordering a stay pending a review of patent validity at the USPTO and subsequent appeals; this Court consistently has denied petitions for mandamus complaining of such stays.[2]

---

[2] *See In re Ho Keung Tse*, 552 F. App'x 979, 981 (Fed. Cir. 2014) (unpublished) (denying mandamus petition seeking to lift a stay pending PTO proceedings); *In re Med. Components, Inc.*, 535 F. App'x 916, 918 (Fed. Cir. 2013) (unpublished) (same); *In re Chicco USA, Inc.*, 429 F. App'x 993, 994 (Fed. Cir. 2011) (unpublished) (same); *In re Synthes (U.S.A.)*, 346 F. App'x 583, 584 (Fed. Cir. 2009) (unpublished) (same); *In re Corel Software LLC*, 778 F. App'x 951, 953–54 (Fed. Cir. 2019) (unpublished) (same); *In re Intertape Polymer Corp.*, 121 F. App'x 386, 386–87 (Fed. Cir. 2004) (unpublished) (denying petition requesting to vacate the district court's staying the case until this Court handed down its en banc decision in *Phillips v. AWH Corp.*, 376 F.3d 1382 (Fed. Cir. 2004), *opinion withdrawn and reh'g en banc granted*); *cf. In re Kudco Ireland Ltd.*, 358 F. App'x 149, 150 (Fed. Cir. 2009) (unpublished) (denying accused infringer's petition for mandamus seeking to have the district court set an earlier trial date); *Sollami Co. v. Kennametal, Inc.*, 285 F. App'x 754 (Fed. Cir. 2008) (unpublished) (dismissing appeal of order staying case pending reissue proceeding).

2. **Viasat has "other adequate means to attain the relief" requested and has not pursued those options fully**

Viasat has also failed to establish that is has fully exhausted all other means of attaining its requested relief, providing another independent ground for denying its petition. Following the district court's order *sua sponte* staying the case, Viasat moved for reconsideration of the district court's order. *See* Pet. at 14. Instead of waiting for the district court to consider its fully-briefed motion, Viasat filed the present petition for mandamus review a mere ***two weeks*** later. It is unsurprising that the district court did not decide the reconsideration motion in that short time period—the district court is one of the busiest district courts in the country. Instead of giving the district court a reasonable timeframe to consider its motion, Viasat prematurely moved for mandamus review at this Court, thus wasting this Court and the district court's resources. If the district court's ruling were in fact so "premised on inaccurate assumptions about Kioxia's appeal" as Viasat contends, the district court, upon review of Viasat's reconsideration motion, would likely vacate its stay order and put the trial back on its docket without this Court's intervention. Nevertheless, Viasat chose to hastily petition for mandamus to this Court—all while misconstruing both law and facts.

Consequently, Viasat's failure to demonstrate entitlement to mandamus is even more pronounced here than in *Ultratec*, where the petitioner had exhausted all options before seeking mandamus review at the Federal Circuit. *See* 611 F. App'x

at 720–21. Because Viasat has not proven that it has no other adequate means to seek relief, this provides separate and independent grounds for denying Viasat's petition.

**C.    The District Court Did Not Clearly Abuse Its Discretion in Staying this Case After Viasat Narrowed its Case to One Dependent Claim that Was Pending Appeal at this Court**

Viasat argues that the district court abused its discretion by "clearly err[ing] in its assessment of the simplification factor and misbalanced the three factors." Pet. at 15. These factors are: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.); *see also CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.). In its order, the district court expressly "considered the factors relevant to this case" and determined that "the simplification-of-issues factor overwhelms the other factors." Appx00001, Appx00005. The record supports its findings. Viasat's contention that the district court's weighing of the factors was "patently erroneous" invites this Court to engage in prohibited "second-guessing." *See In re Med. Components, Inc.*, 535 F. App'x at 918.

**1.      The record supports the district court's finding that a stay would simplify the case and reduce the burden of litigation**

The district court found that a stay would significantly simplify the issues in question because "the appeal covers the only remaining asserted claim" and, regardless of the outcome on appeal, "[t]he risk that continued litigation of this Action will be wasteful dominates the strong and well understood concerns that a stay will prejudice Viasat." Appx00004–00005. There is nothing "patently erroneous" about this finding. *See* Pet. at 25.

The district court expressly acknowledged the potential prejudice to Viasat, but recognized Viasat's decision to narrow to claim 16 and the PTAB's invalidation of a "number of similar claims found invalid by the PTAB" to be "guiding." Appx00005. The district court was well within its discretion to find that a stay would significantly simplify the issues and reduce the burden of litigation. Stays are favored whenever "the outcome of the reexamination would be likely to assist the court in determining patent validity." *See Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998). A decision of unpatentability "weighs heavily in favor of a stay," especially where, as here, the appellate review "could dispose of the entire litigation: the ultimate simplification of issues." *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014); *see also Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc.*, 767 F.3d 1383, 1387 (Fed. Cir. 2014) (affirming stay pending CBM review that could result in the "ultimate

9

simplification of issues"); *NFC Tech.*, 2015 WL 1069111, at *4 (explaining that simplification of the issues is the "most important factor"). Viasat cannot contest that the outcome of the Federal Circuit appeal will simplify this case. Claims that are cancelled after IPR cannot support a judgment awarding infringement damages or injunctive relief. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). Viasat does not contest that if the PTAB decision regarding claim 16 is reversed and the PTAB cancels claim 16, the district court case will be moot.

Viasat concedes that there is "potential for simplification" here, but it argues that is too "speculative" to support a stay while this Court hears Kioxia's appeal of claim 16. Pet. at 17, 21. However, Viasat preemptively attempts to tell this Court how it will decide the appeal, while ignoring that this Court has upheld stays based on similar decisions. *See, e.g.*, *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 996 F.2d 1236 (Fed. Cir. 1993) (reversing denial of stay of judgment based on reexamination determination subject to appeal); *VirtualAgility*, 759 F.3d at 1309 (reversing denial of stay pending CBM review that was requested before and denied after PTAB merely instituted review); *Benefit Funding Sys.*, 767 F.3d at 1384 (affirming where stay was first denied after CBM petition was filed then granted after PTAB instituted review); *see also supra* n.2. If the district court lacked discretion to stay because the patent owner was victorious at the PTAB, the same would be true whenever a district court denied a stay pending an IPR. That would

be an unprecedented expansion of mandamus jurisdiction.

Viasat does not object to the district court's finding that a stay would avoid "[t]he risk that continued litigation of this Action will be wasteful," Appx00005, but argues instead that because the case was close to trial, the finding cannot support a stay. To the contrary, this Court has concluded that ***denying*** a ***post-trial stay*** after claims had been rejected on reexamination was an abuse of discretion. *Standard Havens*, 996 F.2d at 1236. In exercising its broad discretion both pre- and post-trial, the district court may consider whether a stay will "reduce the burden of litigation on the parties *and the court*[.]" *See VirtualAgility*, 759 F.3d at 1314 (emphasis added); *NFC Tech.*, 2015 WL 1069111, at *2 ("special attention should be given to minimizing the burdens of litigation").

### 2. The district court did not abuse its discretion in finding that the benefits of a stay outweigh any prejudice

The district court considered potential prejudice to Viasat from a stay but found that "risk that continued litigation of this Action will be wasteful dominates the strong and well understood concerns that a stay will prejudice Viasat." Appx00005. Viasat contends that "[s]taying the case for this entire period—which could be years—would result in massive delays and increasing prejudice to Viasat." Pet. at 20. However, Viasat ignores that it seeks only a monetary remedy such that pre-judgment interest would fully compensate it. *CyWee Grp.*, 2019 WL 11023976, at *4 ("Nothing in CyWee's characterization of its activities suggests any reason

why a damages award, with pre-judgment interest, would not fully compensate it for any injury served, even if there is some delay in the resolution of the litigation."). Viasat failed to address pre-judgment interest in its petition and cannot do so for the first time in reply.

The question before the district court was not whether Viasat would be prejudiced, but whether it will suffer "*undue*" prejudice. *VirtualAgility*, 759 F.3d at 1317 (emphasis added). A patent holder can always argue prejudice due to a delay in vindicating asserted patent rights, but that is "not sufficient, standing alone, to defeat a stay motion." *NFC Tech.*, 2015 WL 1069111, at *2. Courts repeatedly have found no undue prejudice "unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *Affinity Labs of Tex. LLC v. Samsung Elecs. Co.*, No. 14–CV–2717–YGR, 2014 WL 3845684, at *4 (N.D. Cal. Aug. 1, 2014). Likewise, this Court has recognized that even a delay of ***permanent injunctive relief*** does not by itself constitute irreparable harm. *Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 852 (Fed. Cir. 1987) (en banc).

### 3.    Traditional factors support the district court's finding

In its order, the district court addressed each of the stay factors and held that the simplification-of-issues factors outweighed the other stay factors. The district court held that only a single dependent asserted claim remains in the case, that the scope of any estoppel would be broad, and that "an appeal finding the only remaining

claim being found unpatentable would dispose of this Action." Appx00004. Nothing in Viasat's petition demonstrates that the district court clearly erred.

Instead, the relevant factual considerations demonstrate that the district court properly weighed the competing stay factors. Only a single dependent claim remains in this case. The validity of that claim is at issue in an appeal currently pending before this Court. If this Court's ruling results in the reversal of the validity finding on claim 16, this case is over, and an expensive trial will be unnecessary. Moreover, the root of Viasat's complaints is money. In one of its two e-mails to the district court prior to the court entering its stay order, Viasat complained that "Viasat will lose hundreds of thousands of dollars of its multi-million-dollar investment in this case" due to a stay. Appx00499-00522 (Ex. 2 (email to Court clerk)). Viasat and Kioxia are not and have never been competitors. This case is only about an attempt by Viasat to recover money damages on its "investment." *Id.* But, if this Court determines that claim 16 is invalid, the parties will have saved significant resources in not proceeding to trial on an invalid claim. And, as explained above, if Viasat later prevails at trial on claim 16, the federal damages scheme allows for Viasat to establish entitlement to interest. As the district court appropriately held, there is no sound reason to move forward with a trial when the validity of the only remaining asserted claim is at issue at the Federal Circuit.

### a. *Kioxia's appeal does seek the reversal of the PTAB decision*

Viasat's entire petition is primarily premised on a misstatement from Viasat. On page 19, Viasat states that "Kioxia has not asked this Court to reverse the Board's decision outright." Pet. 19. This statement is flat wrong. On five different occasions in its opening brief, Kioxia expressly asks this Court to reverse the PTAB's decision:

1. "Therefore, the Board's construction that excluded such an implementation was legally improper and should be reversed." Appellants' Principal Br. at 4, *Kioxia Corp. v. Viasat, Inc.*, No. 24-1384 (Fed. Cir. July 2, 2024) ("Appeal Brief").

2. "For these reasons, the Board's construction should be reversed." *Id.* at 25.

3. "For this reason, Lee discloses claim 15's decoder and the Board should be reversed." *Id.* at 27.

4. "For this reason, Lee discloses claim 17's 'receiving encoded data from a flash memory comprising a plurality of data streams and the Board should be reversed." *Id.* at 28.

5. "Because the Board's conclusion is based on an erroneous claim construction and interpretation, the Board should be reversed." *Id.* at 29.

In its petition, Viasat points to passages in Kioxia's opening brief that include the word "remand" as though this is incompatible with reversal. *See* Pet. at 19. However, having a remand from the reversal of a Board decision is not unusual. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, 53 F.4th 646, 650-51 (Fed. Cir. 2022) ("Second, VLSI argues that the Board erred in construing the phrase 'used for electrical interconnection' in claim 20 to encompass a metallic structure that is not connected to active circuitry . . . . we reverse and remand with respect to the second."); *Tennant*

*Co. v. Oxygenator Water Techs., Inc.*, No. 2022-2304, 2024 WL 3507694, at *1 (Fed. Cir. July 23, 2024) ("Tennant Co. ('Tennant') appeals from a decision of the Patent and Trial Appeal Board . . . . we reverse and remand"); *Arista Networks, Inc. v. Cisco Sys., Inc.*, 908 F.3d 792, 793 (Fed. Cir. 2018) ("Arista Networks, Inc. ('Arista') petitioned for an inter partes review . . . . we reverse and remand as to Arista's appeal"). Thus, it is understandable that Kioxia's opening brief includes the word "remand" to describe the various administrative tasks that the PTAB must perform following reversal by the Federal Circuit. As one example, only the PTAB can issue the Inter Partes Review certificate cancelling a claim following reversal by the Federal Circuit.

### b.    *Kioxia's appeal is strong*

Much of Viasat's petition is directed to Viasat's view of the merits of Kioxia's appeal. In effect, Viasat is handicapping the appeal and asking this Court to take Viasat's word for it when it comes to this Court's upcoming decision regarding claim 16. But the district court was already aware of the most important facts concerning claim 16 and the appeal. When the district court issued its stay order, it was already aware that this Court would hear Kioxia's appeal. The district court was also aware that the PTAB had determined that several of the claims of the '700 patent were invalid and that Viasat had chosen not to appeal those claims, resulting in the Patent Office cancelling those claims. The district court was also aware that claim 16 was

the only remaining asserted claim and that this Court would address the validity of claim 16. On these facts alone, the district court had an ample basis to understand that Kioxia's appeal, at a minimum, has merit, and none of the facts have changed since the district court's stay order.

But, far from simply having merit, Kioxia's appeal as to claim 16 is compelling. Kioxia's appeal challenges the PTAB's construction of the term "decoder" in independent claim 15, and the PTAB's application of that erroneous construction to the prior art. Appeal Brief at 2. Claim construction is an issue of law that this Court reviews *de novo*, and the Board's construction of "decoder" was the basis for the Board's decision as to claim 16. The Board's construction excluded "buffering" from the scope of the "decoder." But the exclusion of "buffering" from the scope of the decoder is error, and the case for reversal is strong. For example, the preferred embodiments of the '700 patent include buffering as part of the function of a decoder. "The decoder module processor may buffer, de-interleave, or perform certain aspects of the decoding process, an [sic] thereby generate decoded (or partially decoded) data streams." Appx00006–00021 at 6:46–50. Thus, Kioxia's appeal concerns a claim construction issue that this Court will review de novo.

Once this Court corrects the construction of "decoder," this Court has authority to reverse the decision of the PTAB on the basis of the correct construction of decoder. *See, e.g.*, *Corning v. Fast Felt Corp.*, 873 F.3d 896, 898 (Fed. Cir. 2017)

("[Appellant] contends that, once the key claim term is given its broadest reasonable interpretation, the record conclusively establishes obviousness. We agree, and we reverse the Board's decision."). In *Corning*, after this Court corrected the Board's overly narrow construction, the Board reversed the finding that the claim was not obvious. *See id.* Kioxia's appeal has the same procedural posture as the appeal in *Corning*, with the addition that the independent claim from which claim 16 depends has already been cancelled, and the Federal Circuit may reach the same result after correcting the Board's overly narrow construction of "decoder." *See id.* In any case, Kioxia does not ask this Court to prejudge the appeal, only to reject Viasat's prejudgment.

### c. *Claim 16 is the only remaining claim in this case*

Viasat has dropped all of its claims but claim 16. This was Viasat's choice. This choice was highly strategic on Viasat's part, and Viasat's suggestion that it was based "on expediency alone" is not credible. Appx00523-00535 (Ex. 3 (Viasat motion for reconsideration)). When Viasat issued its second round of experts reports in August, Viasat narrowed it case to claims 6 (depending from claims 1 and 4), 13 (depending from claim 1), and 16 (depending from claim 15). Kioxia renewed its motion to exclude Kioxia's apportionment expert, Mr. Doller, and deposed Mr. Doller, who testified at length about the importance of claim 6. But, as part of Kioxia's motion, Kioxia showed that Viasat previously attributed all of its damages

to claim 4, but made no adjustment to its damages case after the Patent Office cancelled claim 4 (and despite the fact that claim 6 depended directly from claim 4). When Kioxia explained Viasat's problematic damages treatment of claims 4 and 6 to the district court, Viasat quickly dropped claims 6 and 13 and retreated to claim 16, which Viasat likely believed was the claim most likely to survive Kioxia's renewed motion to exclude Mr. Doller. This was all Viasat's choice and was a direct consequence of Viasat's strategic decision to pursue an exceptionally aggressive and (still) flawed damages case that did not follow the district court's instruction to apportion the asserted dependent claims from the cancelled base claims. It was well within the district court's discretion to weigh all of these facts in favor of staying this case pending the appeal of claim 16 at this Court.

**4.    The district court did not "fail to weigh" the advanced stage of litigation**

The district court did not "misbalance[]" the advanced stage of the litigation, as Viasat asserts. Pet. at 15. To the contrary, the district court's order repeatedly acknowledges the "advanced stage" of the litigation. Pet. at 3, 5. The district court found, however, that due to critical developments regarding "the invalidation of the other asserted claims and the fact that only one remaining claim sits on appeal," the benefits of a stay outweighed the late stage of the proceedings. Appx00005. Regardless of the outcome of any appeal, it was reasonable for the district court to consider review of the PTAB decisions to provide important guidance on the validity

18

of the patent, simplify the case and prevent inconsistent results between the inter partes review and the litigation.  As detailed above, the record fully supports those findings.

**D.    The District Court Did Not Clearly Abuse its Discretion by Staying the Case Pending the Final Resolution of the Appeal**

Viasat contends that the district court clearly abused its discretion because the stay puts the case "indefinitely on hold."  Pet. at 21.  As an initial matter, the stay here is not indefinite as a matter of law or fact.  As recognized by the district court, "the order on the appeal is a definite and discernable point at which the stay will be lifted."  Appx00002.  Litigation delay pending patent office review is "common to all stayed cases" and not indefinite so as to warrant denial of a stay.  *Everett Lab'ys, Inc. v. River's Edge Pharms., LLC*, No. 09-3458 (JLL), 2009 WL 4508584, at *3 (D.N.J. Nov. 24, 2009).

In *Gould*, this Court considered whether a stay pending completion of a reexamination proceeding was "immoderate or of an indefinite duration" so as to render it appealable and concluded that it was not.  705 F.3d at 1341 (stay "would not be for a protracted or indefinite period of sufficient length to render its issuance a 'final' decision"); *see also Spread Spectrum*, 657 F.3d at 1355–56 ("delay inherent in the federal court system is not the type of 'protracted or indefinite' delay contemplated in *Gould*.").  Here, the stay is more certain and shorter than the stay in *Gould*, because the PTAB has issued final written decisions and all appellate briefing

19

has been completed.  Just as a stay pending completion of reexamination proceeding "must be accepted if the purpose of the reexamination statute is to be preserved," *Gould*, 705 F.3d at 1342, the district court's stay must be upheld to preserve the AIA's purpose.

The present case stands in stark contrast to *Cherokee Nation*, where this Court found an abuse of discretion where a district court *sua sponte* stayed a suit against the United States for failure to manage tribal lands pending the outcome of numerous suits to quiet title that the United States represented it *intended* to file.  *See Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1418 (Fed. Cir. 1997).  Eight years after the Tribe's lawsuit, the government had yet to initiate any such suits, which undisputedly would take decades to complete and involve third-party claimants.  *Id.* On those facts, this Court has distinguished *Cherokee Nation* from cases involving stays pending resolution of identified, pending, related actions.  *See In re Sacramento Mun. Util. Dist.*, 395 F. App'x 684, 685 (Fed. Cir. 2010) (unpublished) (denying mandamus relief where district court stayed post-judgment pending resolution of related case).

## E.    Kioxia Leaves to this Court's Discretion Viasat's Alternative Requested Relief

In the alternative, Viasat requests that this Court "expedite the appeal that caused the district court to stay the case."  Pet. at 26.  Kioxia does not oppose this request.  However, Viasat's petition does not address this Court's precedent on

motions seeking to expedite an appeal. Kioxia is not aware of a basis for moving this appeal, where Viasat has the option to seek pre-judgment interest, did not request an injunction, and is not a competitor of Kioxia's, in front of other appeals where the parties also seek to have their disputes resolved. In any case, Kioxia respectfully leaves the scheduling of oral argument in the IPR appeal to this Court's discretion.

## III. CONCLUSION

For the foregoing reasons, Kioxia respectfully requests that this Court deny Viasat's Petition for Writ of Mandamus.

Dated: December 3, 2024          /s/ Michael Hawes

Michael Hawes
michael.hawes@bakerbotts.com
Roger Fulghum
roger.fulghum@bakerbotts.com
Robinson Vu
Robinson.Vu@bakerbotts.com
BAKER BOTTS L.L.P.
910 Louisiana St
Houston, TX 77002
713-229-1750 (telephone)
713-229-7750 (facsimile)

*Attorneys for Respondents Kioxia*
*Corporation and Kioxia America, Inc.*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This filing complies with the type-volume limitation of Federal Circuit Rule 32(a) or Federal Circuit Rule 28.1.

X  The filing contains 5,316 words, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f) or

_The filing uses a monospaced typeface and contains_____ lines of text, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f)

2. This filing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Circuit Rule 28.1 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6)

X  The filing has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in a 14 point Times New Roman font, or

___ The filing has been prepared in a monospaced typeface using in a ___ characters per inch_____ font.

Dated: December 3, 2024                    */s/ Michael Hawes*
                                           Michael Hawes

# <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this 3rd day of December, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit through the Court's CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.


Dated: December 3, 2024          <u>/s/ Michael Hawes</u>
                                  Michael Hawes